

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00354-CV

Frederick O. **SILVER**,
Appellant

v.

Lucy **ADAME-CLARK**, et al.,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2025CI04742
Honorable Mary Lou Alvarez, Judge Presiding

PER CURIAM

Sitting: Lori I. Valenzuela, Justice
    Lori Massey Brissette, Justice
    Adrian A. Spears II, Justice

Delivered and Filed: July 16, 2025

DISMISSED

  This is an attempted *pro se* appeal of a final judgment dismissing appellant Fredrick O. Silver's underlying lawsuit. Silver is a vexatious litigant subject to a prefiling order. Because Silver has not complied with Chapter 11 of the Texas Civil Practice and Remedies Code, we dismiss this appeal.

  Chapter 11 of the Texas Civil Practice and Remedies Code governs vexatious litigants in Texas. Under this statute, "[a] clerk of a court may not file a litigation, original proceeding, *appeal*, or other claim presented, *pro se*, by a vexatious litigant subject to a prefiling order under Section

11.101 unless the litigant obtains an order from the appropriate administrative judge described in Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE § 11.103(a) (emphasis added). The statute applies to appeals filed in Texas appellate courts. The only exceptions provided by the statute are that a clerk of a court of appeals may file an appeal from a prefiling order entered under Section 11.101 designating a person a vexatious litigant or a timely filed writ of mandamus under Section 11.102. *See id*. § 11.103(d). Chapter 11 further describes the procedures courts must follow when litigation is mistakenly filed by a vexatious litigant. *See id*. § 11.1035(b). This procedure consists of dismissing the litigation unless the vexatious litigant demonstrates to the court that he has obtained an order from the appropriate administrative judge permitting the filing. *See id*.

Because the record filed in this court did not show that Silver had obtained permission from the local administrative judge to file this appeal, we issued an order on June 6, 2025 notifying Silver that his appeal would be dismissed unless he filed, within ten days of the date of that order, proof that he had obtained permission from the local administrative judge. Silver responded, arguing that Chapter 11 does not apply to this appeal; however, Silver offers no authority to support his position.

Based on this record, because Silver has failed to request or obtain the local administrative judge's permission to file this appeal, we dismiss this appeal. *See id.* § 11.103(a); *Johnson v. Parker*, No. 03-19-00067-CV, 2019 WL 3922908, at *1 (Tex. App.—Austin Aug. 20, 2019, no pet.) (mem. op.) (dismissing appeal where vexatious litigant failed to file proof that he had obtained permission from local administrative judge to appeal); *see also In re Emerson*, No. 06-25-00043-CV, 2025 WL 1299473, at *1 (Tex. App.—Texarkana May 6, 2025, orig. proceeding) (mem. op.).

PER CURIAM